IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA

v. Case No.: 25-cr-109-wmc

JADE MCCLAREN,

Defendant.

---

## PLEA AGREEMENT

---

1. This is the proposed plea agreement between the defendant and the United States in the above-captioned case.

2. **PLEA AND PENALTIES:** The defendant agrees to plead guilty to Count 1 of the indictment. This count charges a violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2), which carries maximum penalties of ten years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. In addition to these maximum penalties, any violation of a supervised release term could lead to an additional imprisonment term pursuant to 18 U.S.C. § 3583. The defendant agrees to pay the special assessment at or before sentencing and understands that the Court will enter an order requiring the immediate special assessment payment under 18 U.S.C. § 3013. In an appropriate case, the defendant could be held in contempt of court and receive an additional sentence for failing to pay the special assessment.

3. **RIGHTS WAIVED BY PLEADING GUILTY:** The defendant acknowledges by pleading guilty, that she is giving up these rights: (a) to plead not guilty and to persist in that plea; (b) to a jury trial; (c) to be represented by counsel – and if necessary to have the Court appoint counsel – at trial and at every other stage of the trial proceedings; (d) to confront and cross-examine adverse witnesses; (e) to be protected from compelled self-incrimination; (f) to testify and present evidence; and (g) to compel the attendance of witnesses.

4. **IMMIGRATION CONSEQUENCES:** The defendant understands that upon conviction, if she is not a United States citizen, she may be removed from the United States, denied citizenship, and denied future admission to the United States. In addition, if the defendant is a naturalized United States citizen, under certain circumstances, denaturalization of United States citizenship may also be a consequence

of pleading guilty to a crime. Removal, other immigration consequences, and denaturalization are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status, or, where applicable, United States naturalized citizenship. The defendant nevertheless affirms that she wants to plead guilty regardless of any removal, other immigration consequences, or denaturalization that could result from her plea, even if the consequence is automatic removal from the United States.

5. **FACTUAL BASIS:** The defendant agrees that the following facts are true, correct, and that, if this case were to proceed to trial, the government would be able to prove these facts beyond a reasonable doubt. The defendant acknowledges, understands, and agrees that she is, in fact, guilty of the offense described herein.

> On July 2, 2025, McClaren purchased a Taurus G3C 9mm handgun from DEZ Tactical, in Baraboo, Wisconsin. During that purchase she filled out the required Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Form 4473 and checked the box on the form attesting that she was the actual transferee/buyer of the firearm when in fact she was buying it for another person. The firearm was transferred to McClaren.
>
> On July 15, 2025, McClaren was interviewed by ATF special agents. McClaren admitted that she purchased the gun for Brandon Bent. McClaren said that Bent showed her the type of handgun he wanted on her phone and that Bent provided codefendant Tyreek Foster the money to purchase it. McClaren said that Foster was with her when she purchased the gun and that Foster gave her Bent's money. McClaren said that after purchasing the handgun and leaving the store, she gave Foster the handgun. McClaren said that the arrangement was that Foster would then take the gun to Bent.
>
> DEZ Tactical is a federally licensed firearms dealer and, as such, is required to have purchasers fill out the ATF Form 4473 during the sale of a firearm. One of the questions on the Form 4473 is whether the person is the actual transferee/buyer of the firearm and warns that purchasing a firearm for another person is a federal crime.
>
> Baraboo is in the Western District of Wisconsin.

This information is provided to establish a factual basis for the defendant's guilty plea. It is not a full recitation of the defendant's knowledge of, or participation in, this offense.

6. **SCOPE OF RESOLUTION:** The United States agrees that this guilty plea will completely resolve all possible federal criminal violations that have occurred in the



Doc ID: 51de10c9939c676d8a5606fd4b6e5c4c227f6747

Western District of Wisconsin provided that two conditions are met: (a) the criminal conduct relates to the conduct described in the indictment; and (b) the criminal conduct was known to the United States as of the date of this plea agreement. This agreement not to prosecute is limited to those types of cases for which the United States Attorney's Office for the Western District of Wisconsin has exclusive decision-making authority. The defendant also understands that the United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report.

7. **ACCEPTANCE OF RESPONSIBILITY:** The United States agrees to recommend that the Court, in computing the advisory Sentencing Guideline range, and in sentencing the defendant, gives the defendant the maximum available reduction for acceptance of responsibility. This recommendation is based upon facts currently known to the United States and is contingent upon the defendant accepting responsibility according to the factors set forth in USSG § 3E1.1. Further, the United States' agreement to recommend a reduction for acceptance of responsibility is also based on the defendant providing a full and truthful accounting in the required financial statement and, if applicable, the defendant's efforts to make immediate restitution payments. The United States is free to withdraw this recommendation if the defendant has previously engaged in any conduct that is unknown to the United States and is inconsistent with acceptance of responsibility, or if she engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility. This recommendation is consistent with the defendant signing this plea agreement on or before April 2, 2026.

8. **FINANCIAL STATEMENT:** The defendant agrees to complete the attached financial statement and return it to this office within one week of the guilty plea hearing. The defendant agrees that this financial statement will be a full and truthful accounting, including all available supporting documentation. The defendant authorizes the United States Attorney's Office to run the defendant's credit report. The defendant also agrees that the probation office may disclose to the United States all financial statements to be completed by the defendant in connection with the preparation of the presentence report, together with all supporting documents.

9. **SENTENCING DISCUSSIONS:** Other than agreements specifically set forth in this plea agreement, the defendant understands that sentencing discussions are not part of the plea agreement. The defendant should not rely upon the possibility of a particular sentence based upon any sentencing discussions between defense counsel and the United States, other than those memorialized in this plea agreement.

10. **VOLUNTARINESS OF PLEA:** The defendant acknowledges that no threats, promises, representations, or agreements exist, other than those set forth in this agreement, to cause the defendant to plead guilty. Defendant acknowledges that she has read this agreement, has carefully reviewed it with her attorney and understands and voluntarily accepts all its terms.



Doc ID: 51de10c9939c676d8a5606fd4b6e5c4c227f6747

11. **THIS IS THE ONLY PLEA AGREEMENT:** By our signatures below, the defendant and defense counsel acknowledge that this is the only plea agreement in this case.

CHADWICK M. ELGERSMA
United States Attorney

4/9/26.
Date

By:
COREY STEPHAN
Assistant United States Attorney

4/8/26
Date

Zaki Zehawi
ZAKI ZEHAWI
Attorney for the Defendant

04 / 08 / 2026
Date

Jade Mcclaren
JADE MCCLAREN
Defendant



Doc ID: 51de10c9939c676d8a5606fd4b6e5c4c227f6747

**ACKNOWLEDGEMENTS**

I, JADE MCCLAREN, am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed the entire agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney, including the charges against me, the elements of those charges, and possible defenses. I am satisfied that my attorney has provided effective assistance of counsel.

| | |
|---|---|
| 04 / 08 / 2026 | Jade Mcclaren |
| Date | JADE MCCLAREN<br>Defendant |

I am the defendant's attorney. I have reviewed this agreement carefully with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

| | |
|---|---|
| 4/8/26 | Zaki Zehawi |
| Date | ZAKI ZEHAWI<br>Attorney for Defendant |



Doc ID: 51de10c9939c676d8a5606fd4b6e5c4c227f6747