**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WISCONSIN**

---

UNITED STATES OF AMERICA,

Plaintiff,

vs. Case No. 25-cr-109

JADE MCCLAREN,

Defendant.

---

**JADE MCCLAREN SENTENCING MEMORANDUM**

Ms. McClaren pled guilty to Count 1 of the Indictment, a violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2), which carries maximum penalties of ten years in prison, a $250,000 fine, a three-year period of supervised release, and a $100 special assessment. There is no mandatory minimum sentence.

**18 USC §3553(a) FACTORS**

**A Probationary Sentence is Sufficient but not Greater than Necessary to Satisfy the Relevant Sentencing Factors**

On July 2, 2025, Ms. McClaren told the biggest lie of her life, and it resulted in a federal felony prosecution. She didn't contest the charges. She accepted responsibility and pled guilty to the single count Indictment. Her codefendant Tyreek Foster was lucky enough to have his case dismissed and is now enjoying his freedom in his homeland. Ms. McClaren is not so lucky. She does not have another homeland to run off to. This is her home and she stayed to face this Indictment, alone.

The crime that Ms. McClaren committed was not done alone. It was committed at the behest of Tyreek Foster and Brandon Bent. Mr. Bent was never even charged for this offense, even though he

requested the firearm and would later use the firearm to commit a first degree homicide.

The natural question in this case is "why." What did Ms. McClaren have to gain? Why did she do it? Perhaps there is no right answer, but her personal story provides insight. She was born into an abusive household. She was beaten, raped and watched her father try to strangle the life out of her mother. The violence never ended. She was abandoned and discarded. This was home. At a breaking point, she ran away from this home. She was ten years old. Ten. Ten is the age of a 4th or 5th grader. That's the age children are learning about fractions and adverbs. Instead, she was learning how to survive on the streets and on her second attempt, at 16, she made it all the way to a campground in North Dakota. There is a lot of land and people between Wisconsin and North Dakota. Who knows what abuse she suffered at the hands of anyone who met such a vulnerable young girl on the road. Of course, once she was found, she was promptly returned home and beaten for her attempt to find freedom. She was betrayed by those that were here to protect her. This was nothing new.

She was raped into motherhood. She was beaten and humiliated by her partners. She was never offered any therapy or services to cope with the life that had been handed to her. It comes as no surprise that Dr. Grusecki has diagnosed her with PTSD[1]. It comes as no surprise that she would succumb to the requests to purchase a firearm by other males. And it comes as no surprise that she would accept responsibility for everything. Ms. McClaren does not excuse her conduct based on her life history, but she offers her life story to explain her poor decision to tell the biggest lie of her life.

Ms. McClaren has done very well on pretrial supervision. She remains central to her children's and grandchildren's lives. There is a roof over their heads and food on the table. There is also a belief that her children and grandchildren will not grow up in the same home she did. Although this case terminated her employment, she now has a new job at the Holiday Inn in Madison. She is seeking more

[1] See Dr. Grusecki's Psychological Evaluation

employment to help ends meet. Although performing admirably while her case is pending, she is still missing the start of the mental health treatment she desperately needs. She is 42 years old and has not had any structured treatment for the trauma she's survived in her life. That journey has not begun. This Court is presented with an opportunity to grant, not sympathy, but humanity for a woman who has endured more than many of us could bare. For 42 years, she's lived 100 lifetimes. Then she told a lie and here she is. Her worst moment should not define who she is and should not derail all the achievements she's amassed to support her family.

## **CONCLUSION**

Ms. McClaren requests that this Court grant her probation.

Dated at Madison, Wisconsin, August 19, 2026.

Respectfully submitted,

/s/
Zaki Zehawi, Attorney for
JADE MCCLAREN, Defendant

Jasti, Zehawi & Johnson, LLC
122 West Washington Ave.
Suite 600
Madison, WI 53703
(608) 709-2787